Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. An employee/employer relationship existed at the time of the alleged injury.
2. That defendant-employer had in place Workers Compensation Insurance coverage at the time of the alleged injury.
3. That plaintiffs average weekly wage is set forth on a Form 22 which has been submitted to the Commission.
4. That a package of medical records regarding plaintiffs treatment was accepted as Stipulated Exhibit number 1.
***********
Contrary to stipulation 3, the Commission file does not contain a Form 22 Wage Chart.
***********
The Full Commission finds as fact the following:
 FINDINGS OF FACT
1. Plaintiff was employed as a winder operator at BASF in Enka, North Carolina, on and before 17 August 1995.
2. On 17 August 1995, plaintiff was working as a winding operator and was kneeling on the floor on his right knee with his left leg extended while attempting to thread a machine. Plaintiff reached behind the machine with his right hand while holding an airgun in his left hand. Plaintiff twisted his back and upon arising, felt the onset of pain in his back.
3. Plaintiff reported his injury to his supervisor, Bobby Burnett, and thereafter presented to the nurse on duty at the plant hospital. Plaintiff then was transported to St. Josephs Urgent Care, where he was given medication for his back pain. Plaintiff continued to receive care from the plant hospital for the next four to six weeks.
4. On 19 September 1995, plaintiff presented to Dr. Gary Rhoton with complaints of central and left sided lower back pain, pain into his right anterolateral chest wall area, and some pain radiating up into his neck. Plaintiff reported that he sustained an on-the-job injury on 17 August 1995 while twisting and bending. Dr. Rhoton diagnosed lower back pain syndrome with subjective intermittent complaints of right leg weakness and numbness and neck pain. Dr. Rhoton placed plaintiff on light duty, and ordered an MRI of the lumbar and cervical spine and continued plaintiffs medication.
5. The MRI scan revealed mild right centro-lateral posterior disc bulging at C6-7 and minimal generalized posterior disc convexity at C5-6. The LS spine portion of the examination was within the range of normal.
6. On 3 October 1995, Dr. Rhoton examined the results of the MRI and determined that surgery was not warranted. He referred plaintiff to the Asheville Rehabilitation Center for physical therapy and medical management his back condition. He continued plaintiff on light duty restrictions, noting that future restrictions would be based on a functional capacity evaluation.
7. On 5 October 1995, plaintiff presented for physical therapy at the Asheville Rehabilitation Center. Plaintiff again related that his injury occurred on 17 August 1995 when he twisted his back while manually working on a machine.
8. On 11 November 1995, plaintiff reported to Dr. Rhoton that he continued to experience cervical and lumbar pain. He also requested to be taken out of physical therapy at that time. Dr. Rhoton referred plaintiff to Dr. Peter Johnson at Asheville rehabilitation for medical management and recommendations for work limitations.
9. Dr. Johnson treated plaintiff conservatively, with medication and a home exercise program. Plaintiff continued to work at light duty with defendant, until 23 March 1996 when he was released due to unavailability of further light duty employment.
10. By 1 April 1996, plaintiff reported no change in his condition to Dr. Johnson. Dr. Johnson could find no medical aspects to support plaintiffs continuing condition, and an FCE was scheduled to determine his work activity limitations. In a report dated 8 April 1996, Dr. Johnson states that the FCE showed plaintiff working at the light physical demand level with an invalid test. Dr. Johnson felt that plaintiff had reached maximum medical improvement and he released plaintiff from his care.
11. On 20 May 1996, plaintiff again presented to Dr. Johnson for additional medication. Dr. Johnson reiterated that plaintiff had reached maximum medical improvement, and rated him with a 2.5% permanent partial disability to his back, as a result of chronic lumbar strain.
12. On 31 July 1996, plaintiff presented to orthopedist, Dr. David O. Lincoln. Plaintiff admitted inconsistent effort in following his exercise plan, and complained of continuous lower back discomfort which worsened with any type of exercise. Dr. Lincoln concurred with Dr. Johnsons assessment of chronic lower back strain, and maintained plaintiffs light duty work restrictions.
13. On 16 December 1996, Dr. Lincoln released plaintiff to return to regular duty work. Plaintiff attempted to return to work for defendant-employer, but he was required to participate in an additional FCE prior to returning. Plaintiff completed the exam and returned to employment in January 1997.
***********
Based upon the foregoing, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On 17 August 1995, plaintiff sustained an injury to his back resulting from a specific traumatic incident which arose out of and in the course of his employment with defendants. G.S. 97-2(6).
2. Plaintiff is eligible for payment by defendants of all medical expenses arising out of his compensable injury and which are reasonably necessary to effect a cure, give relief, or lessen his term of disability. G.S. 97-25, 97-25.1.
3. Upon submission to the Industrial Commission of a Form 22 to establish plaintiffs average weekly wage, plaintiff is entitled to temporary total disability compensation from 23 March 1996 through 16 December 1996. G.S. 97-29.
4. Upon submission to the Industrial Commission of a Form 22 to establish plaintiffs average weekly wage, plaintiff is entitled to permanent partial disability compensation in the amount of his compensation rate as established by the Form 22 multiplied by 7.5. G.S.97-31(23).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD
1. Defendants shall pay for all medical expenses related to plaintiffs compensable injury.
2. Upon the submission of a Form 22 to establish plaintiffs average weekly wage and corresponding compensation rate, and subject to attorneys fees awarded below, defendants shall pay plaintiff total disability compensation for the period beginning 23 March 1996 through 16 December 1996. This payment shall be made in a lump sum.
3. Upon the submission of a Form 22 to establish plaintiffs average weekly wage and corresponding compensation rate, and subject to attorneys fees awarded below, defendants shall pay plaintiff permanent partial disability compensation in the amount of his compensation rate multiplied by 7.5. This payment shall be made in a lump sum.
4. Plaintiffs counsel is entitled to a reasonable attorneys fee of 25% of the amounts awarded to plaintiff in paragraphs 2 and 3 above. The fees shall be subtracted from the lump sums due plaintiff and paid directly to plaintiffs counsel.
5. Defendants shall bear the costs in this matter.
 ORDER
Defendants shall submit to the Commission a Form 22 Wage Chart within 20 days from the date of this Order, unless the parties otherwise agree and stipulate to a compensation rate, in which case defendants shall notify the Commission in writing of that agreement within the same 20 days.
 S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING:
S/_______________ DIANNE C. SELLERS COMMISSIONER